# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| CLINTON SASSMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION PARTNERS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:22-cv-01090<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

**NOW COMES** Clinton Sassman ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of Credit Collection Partners, Inc., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of Regulation F, 12 CFR 1006 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois, Plaintiff resides in the Central District of Illinois, and a substantial

1

portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collector with its principal place of business located in Taylorville, Illinois. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the events giving rise to this action, Plaintiff received medical services, resulting in a balance ("subject debt").

7. Due to financial hardship, Plaintiff was unable to pay the subject debt.

8. Subsequently, Defendant acquired the right to collect on the defaulted subject debt.

9. On or around May 2020, Defendant began placing telephone calls to Plaintiff's cellular telephone ending in (217) XXX-2268.

10. Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 2268.

11. On or around January 2021, after answering one of the telephone calls placed by Defendant, Plaintiff requested all telephone calls cease to his cell phone.

12. Unfortunately, Plaintiff's remarks and requests were ultimately ignored and Defendant continued to place numerous unconsented telephone calls to Plaintiff's cell phone.

13. As Defendant's harassing collection campaign continued, Plaintiff requested multiple times for Defendant's telephone calls to cease.

14. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from January 2021 through the present day without his consent.

15. In the calls that Plaintiff did answer, Plaintiff was greeted by a pre-recorded message requesting Plaintiff to call back.

16. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts owed to others.

17. Upon information and belief, Defendant placed calls to Plaintiff's cellular phone using prerecorded voice technology without Plaintiff's consent.

18. Defendant has used the listed phone number to place collection calls to Plaintiff's cellular phone number, including but not limited to (217) 718-6413.

19. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish,

anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLASS ALLEGATIONS

25. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the state of Illinois (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

27. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such

4

excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

28. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

29. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

30. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

31. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

32. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

33. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

35. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

44. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

45. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

46. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

47. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

48. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

49. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(2), d, d(5), e, e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

50. Defendant violated §§1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications to Plaintiff's cell phone. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive.

51. Even after being told to the telephone calls were no longer welcomed, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt despite having actual knowledge that Plaintiff did not want to receive any calls.

52. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

53. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    b. **Violations of FDCPA § 1692d**

54. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

7

Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

55. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these aforementioned calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from January 2021 through the present day, using an ATDS without his consent.

    c. **Violation of FDCPA § 1692e**

56. Defendant violated §1692e and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff repeatedly in a deceptive and misleading attempt to force him to answer its calls and ultimately make a payment, despite notifying Defendant that its communications were not welcome. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue to contact him in an attempt to dragoon payment on the subject debt, when it did not have prior consent to do so.

    d. **Violations of FDCPA § 1692f**

57. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after Plaintiff requested to cease communications. Placing voluminous phone calls after becoming privy to the fact that its collection calls were not

welcome is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

58. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

59. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

60. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, Clinton Sassman, on behalf of himself and the members of the Putative Class, requests the following relief:

   a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;
   b. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   d. Enjoining Defendant from further communicating with Plaintiff;
   e. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   f. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
**(On behalf of Plaintiff and the Members of the Putative Class)**

61. Plaintiff restates and realleges paragraphs 1 through 60 as though fully set forth herein.

62. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227.

63. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

64. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

65. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from January 2021 through the present day, using an ATDS without his prior consent.

66. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

67. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

68. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

69. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

70. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

71. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, CLINTON SASSMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoining Defendant from further communicating with Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF REGULATION F (12 CFR 1006 *ET SEQ.*)

72. Plaintiff restates and realleges paragraphs 1 through 71 as though fully set forth herein.

73. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

74. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

75. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of Regulation F §1006.14**

76. Pursuant to § 1006.14(a) of Regulation F, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 12 CFR 1006.14(a).

77. Defendant violated §§ 1006.14 of Regulation F by continuously placing unconsented telephone calls to Plaintiff's cell phone with the intent to harass Plaintiff into completing payment towards subject debt.

78. Defendant's conduct in systematically placing calls to Plaintiff's cellular phone number is inherently harassing and abusive.

79. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as the frequency of Defendant's calls would lead any reasonable person to be frustrated.

80. The fact that Defendant knowingly placed such a high volume of calls to Plaintiff is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, CLINTON SASSMAN, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 23, 2022                              Respectfully Submitted,

                                                   /s/ Marwan R. Daher

                                                   Marwan R. Daher, Esq.
                                                   *Counsel for Plaintiff*
                                                   Sulaiman Law Group, Ltd
                                                   2500 S Highland Ave, Suite 200
                                                   Lombard, IL 60148
                                                   Telephone: (630) 575-8181
                                                   mdaher@sulaimanlaw.com