# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| CLINTON SASSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:22-cv-01090-SEM-KLM |
| | ) | |
| v. | ) | CREDIT COLLECTION |
| | ) | PARTNERS, INC.'S |
| CREDIT COLLECTION | ) | ANSWER AND AFFIRMATIVE |
| PARTNERS, INC., | ) | DEFENSES |
| | ) | |
| Defendant. | ) | |

## CREDIT COLLECTION PARTNERS, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Credit Collection Partners, Inc. ("CCP"), by and through its counsel, hereby answers the Complaint of Plaintiff, Clinton Sassman ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.  CCP admits that Plaintiff is seeking redress for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*., and Regulation F, 12 CFR 1006 *et seq*., but denies any liability under same and denies it violated the law.

## JURISDICTION AND VENUE

2.  This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies the allegations of this paragraph.

3.  This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits only that it engages in business in the state of Illinois. CCP lacks sufficient information to set forth a belief as to the allegations concerning Plaintiff's

residency, and therefore denies same. CCP denies the remaining allegations not specifically admitted.

## PARTIES

4. This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, CCP lacks sufficient information to set forth a belief as to the allegations concerning Plaintiff's age, and therefore denies same. CCP denies the remaining allegations of this paragraph.

5. This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, CCP admits that it engages in the business of collecting financial obligations, admits that it engages in that business in the state of Illinois, admits that its principal place of business is located in Taylorville, Illinois, and denies the remaining allegations not specifically admitted.

## FACTUAL ALLEGATIONS

6. Paragraph 6 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP lacks sufficient information to set forth a belief as to the allegations of this paragraph, and therefore denies same.

7. Paragraph 7 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP lacks sufficient information to set forth a belief as to the allegations of this paragraph, and therefore denies same.

8. Paragraph 8 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP admits

that it acquired the right to collect Plaintiff's financial obligation, and denies the remaining allegations not specifically admitted.

9. CCP admits that is placed telephone calls to Plaintiff's cellular telephone ending in (217) XXX-2268. CCP denies any allegations not specifically admitted.

10. CCP lacks sufficient information to set forth a belief as to the allegations of this paragraph, and therefore denies same.

11. CCP denies that Plaintiff answered a telephone call CCP placed to Plaintiff's cell phone in January 2021, explicitly denies that "Plaintiff requested all telephone calls cease to his cell phone," and denies each and every remaining allegation of this paragraph.

12. CCP denies this allegation as it is premised on the truth of information in the prior paragraph which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone.

13. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies its conduct could be described as a "harassing collection campaign," denies that Plaintiff ever "requested" for "Defendant's telephone calls to cease," and denies any remaining allegations of this paragraph.

14. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies its conduct could be described as a "harassing,"

denies that it placed calls to Plaintiff "without his consent," and denies any remaining allegations of this paragraph.

15. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone.

16. Paragraph 16 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP denies the allegations of this paragraph.

17. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP denies the conduct alleged, denies that it placed calls to Plaintiff "without his consent," and denies any remaining allegations of this paragraph.

18. CCP lacks sufficient information to set forth a belief as to the allegations of this paragraph, and therefore denies same.

19. CCP lacks sufficient information to set forth a belief as to the allegations of this paragraph, and therefore denies same.

## DAMAGES

20. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies that its conduct could be described as "harassing," denies Plaintiff was harmed, and denies any remaining allegations of this paragraph.

21. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies Plaintiff was harmed, and denies any remaining allegations of this paragraph.

22. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies Plaintiff was harmed, and denies any remaining allegations of this paragraph.

23. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP explicitly denies the conduct alleged, denies "Plaintiff was forced to seek the assistance of counsel" due to CCP's actions, denies Plaintiff was harmed, denies its conduct was unlawful, and denies any remaining allegations.

24. Plaintiff's complaint does not contain a paragraph numbered 24.

## CLASS ALLEGATIONS

25. CCP reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

26. CCP admits Plaintiff is seeking to certify a class. CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class and/or that Plaintiff or any member of the alleged class suffered injury or damages.

27. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

28. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

29. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

30. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

31. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or

that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

32. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

33. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

34. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

35. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

36. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

37. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

38. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

39. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

40. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or

that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

41. This paragraph recites boilerplate legal conclusions concerning the certification of a class, and therefore requires no response. To the extent a response is required, CCP denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages, denies it violated the law, and denies the remaining allegations of this paragraph.

**COUNT I**
**THE FDCPA**

42. CCP reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

43. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies the allegations of this paragraph.

44. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits it engages in the business of collecting financial obligations. CCP denies any allegations not specifically admitted.

45. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits that it acquired the right to collect Plaintiff's financial obligation, and denies the remaining allegations not specifically admitted.

46. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits that it attempted to collect Plaintiff's financial obligation, and denies the remaining allegations not specifically admitted.

47. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits that it attempted to collect Plaintiff's financial

obligation using various forms of media, such as, phone and mail, and denies the remaining allegations not specifically admitted.

48. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits that it attempted to collect Plaintiff's financial obligation, and denies the remaining allegations not specifically admitted.

49. This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, CCP denies the conduct alleged, denies its conduct could be described as "unlawful debt collection practices," denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

50. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies its conduct could be described as "harassing and abusive," denies that Plaintiff ever "notified" CCP "to cease communications to Plaintiff's cell phone," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

51. Paragraph 51 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies its conduct could be described as "oppressing and abusing Plaintiff," denies that Plaintiff ever "told" CCP "the telephone calls were no longer welcomed," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

52.     CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it "willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

53.     CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies that Plaintiff ever "notified" CCP "its calls were no longer welcomed," denies its conduct was and/or was known to be "inconvenient, unwanted, and distressing," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

54.     This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies that Plaintiff ever "put Defendant on notice that its calls were not welcome on numerous occasions," denies its conduct could be described as "abusive, harassing, and oppressive," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of

information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies that Plaintiff ever "informed Defendant its calls were no longer welcome," denies Plaintiff was harmed, denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies that Plaintiff ever "notified" CCP "its calls were no longer welcomed," denies its conduct was and/or was known to be "inconvenient, unwanted, and distressing," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies that it was "privy to the fact that its collection calls were not welcome," denies its conduct was "unfair and unconscionable," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

58. Paragraph 58 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP denies

each and every allegation of this paragraph, denies the conduct alleged, denies its conduct could be described as "harassing," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

59. Paragraph 59 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, CCP denies each and every allegation of this paragraph, denies the conduct alleged, denies it "systematically attempts to collect debts through harassing conduct," denies it "has no procedures in place to assure compliance with the FDCPA," denies it violated the FDCPA, and denies any remaining allegations of this paragraph.

60. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies the conduct alleged, denies that Plaintiff was harmed, denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

(UNNUMBERED PARAGRAPH) This Paragraph and its subparts make up a prayer for relief, to which no response is necessary. To the extent a response is required, CCP denies the conduct alleged, denies it violated the FDCPA, denies Plaintiff was damaged, denies Plaintiff is entitled to the damages listed in this paragraph and its subparts, and denies the remainder of this paragraph and its subparts.

## COUNT II
## THE TCPA

61. CCP reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

62. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and

every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone.

63. CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone.

64. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies "consent was revoked by Plaintiff's verbal revocations," denies it violated the TCPA, and denies any remaining allegations of this paragraph.

65. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it placed calls to Plaintiff "using an ATDS without his prior consent," denies it violated the TCPA, and denies any remaining allegations of this paragraph.

66. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to

Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it violated the TCPA, denies Plaintiff was harmed, and denies any remaining allegations of this paragraph.

67. CCP denies each and every allegation in this paragraph, denies the conduct alleged, denies it has "no system in place to document and archive whether it has consent," denies it violated the TCPA, and denies any remaining allegations.

68. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies each and every allegation in this paragraph, denies the conduct alleged, denies its conduct was and/or was known to be "in violation of the TCPA," denies it violated the TCPA, and denies any remaining allegations.

69. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP denies the conduct alleged, denies it violated the TCPA, and denies any remaining allegations of this paragraph.

70. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies the conduct alleged, denies it violated the TCPA, and denies any remaining allegations of this paragraph.

71. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies each and every allegation of this paragraph, denies the conduct alleged, denies it violated the TCPA, denies it is liable to Plaintiff, denies Plaintiff was damaged, and denies any remaining allegations of this paragraph.

(UNNUMBERED PARAGRAPH) This Paragraph and its subparts make up a prayer for relief, to which no response is necessary. To the extent a response is required, CCP denies the conduct alleged, denies it violated the TCPA, denies Plaintiff was damaged, denies Plaintiff is entitled to the damages listed in this paragraph and its subparts, and denies the remainder of this paragraph and its subparts.

## COUNT III
## REGULATION F (12 CFR 1006 *et seq.*

72.     CCP reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

73.     This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies the allegations of this paragraph.

74.     This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP admits only that it engages in the business of collecting financial obligations, and denies any allegations not specifically admitted.

75.     This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies the allegations of this paragraph.

76.     This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP states that the rule speaks for itself, and denies any allegation inconsistent with the language or meaning of the rule.

77.     This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it violated the law,

denies Plaintiff was harmed, denies its conduct could be described as and/or was "with the intent to harass Plaintiff," and denies any remaining allegations of this paragraph.

78. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it violated the law, denies its conduct could be described as "harassing and abusive," and denies any remaining allegations of this paragraph.

79. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it violated the law, denies its conduct could be described as and/or with the "intent of annoying, harassing, and abusing Plaintiff," and denies any remaining allegations of this paragraph.

80. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, CCP denies this allegation as it is premised on the truth of information in the prior paragraphs which has been denied and accordingly CCP denies each and every allegation of this paragraph other than CCP admits that it placed telephone calls to Plaintiff's cell phone. CCP explicitly denies the conduct alleged, denies it violated the law, denies its conduct could be described as and/or with the "intent to harass and annoy Plaintiff," and denies any remaining allegations of this paragraph.

(UNNUMBERED PARAGRAPH) This Paragraph and its subparts make up a prayer for relief, to which no response is necessary. To the extent a response is required, CCP denies the conduct alleged, denies it violated the law, denies Plaintiff was damaged, denies Plaintiff is entitled to the damages listed in this paragraph and its subparts, and denies the remainder of this paragraph and its subparts.

(UNNUMBERED PARAGRAPH) This paragraph is a jury trial demand to which no response is necessary.

## **AFFIRMATIVE DEFENSES**

I.  To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

II.  Plaintiff's damages, if any, were pre-existing and were not caused by CCP.

III.  Plaintiff failed to mitigate his claimed damages, if any.

IV.  Plaintiff proximately caused his own damages, if any.

V.  Plaintiff has failed to state a claim upon which relief may be granted.

VI.  Plaintiff's damages, if any, are the result of the actions of third parties over whom CCP has no control.

VII.  CCP acted in good faith at all times in its dealings with Plaintiff, and if any conduct by CCP is found to be unlawful, which CCP expressly denies, such conduct was not willful and should not give rise to liability.

VIII.  CCP denies all conduct alleged as CCP had prior express consent to contact Plaintiff.

WHEREFORE, Defendant Credit Collection Partners, Inc., respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as this Court deems just and proper.

Dated: April 22, 2022                                                                                  Respectfully Submitted,

**MALONE FROST MARTIN PLLC**

*Attorneys for Defendant*

By:/s/ PATRICK A. WATTS
Patrick A. Watts, IL #6302112
1200 S. Big Bend Blvd.
St. Louis, Missouri 63117
pwatts@mamlaw.com
P: (314) 669-5490
F: (888) 632-6937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system and on this 22nd day of April 2022, to:

Marwan R. Daher
Mohammed O. Badwan
Victor T. Metroff
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
mdaher@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@suliamanlaw.com
*Attorneys for Plaintiff*

By:/s/ Patrick A. Watts