E-FILED
Wednesday, 14 September, 2022  09:06:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Clinton Sassman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cv-1090 |
| | ) | |
| Credit Collection Partners, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## **SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (FRCP), a scheduling conference was held on August 23 with attorneys Mohammed Badwan for the plaintiff and Patrick Watts for the defendant.

TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. Initial disclosures under Rule 26 to be made by September 8, 2022.  The parties are reminded to seasonally supplement any disclosures in compliance with FRCP 26(e).

2. No motions to join other parties or to amend the pleadings to be filed after November 16, 2022.

3.   The parties have until February 17, 2023, to complete fact
     discovery.  Any written discovery served subsequent to the
     date of this Order must be served by a date that allows the
     served party the full 30 days provided by the FRCP in which
     to comply.

4.   A telephonic status hearing to discuss the setting of
     settlement conference or mediation is scheduled for
     January 10, 2023, at 10:00 a.m. before US Magistrate
     Judge McNaught (Court will initiate the call).

5.   Motions to compel and other motions relating to discovery
     shall be pursued in a diligent and timely manner, but in no
     event filed more than 60 days following the event that is the
     subject of the motion (e.g., failure to answer interrogatories,
     objections to requests for production, etc.).  The parties are
     required to meet and confer on the discovery dispute as
     required by Rule 37(a) within the 60-day period.  Except for
     good cause shown, any discovery motion that is not timely
     filed or filed after the discovery deadline will not be
     considered by the Court.  If a motion to compel discovery is
     found by the Court to be time-barred, the moving party is

prohibited from making a subsequent request for the discovery which the Court has found to be time-barred.  All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the dispute.  If the certification is not included, the motion will be denied.

6.  The parties have until May 17, 2023, to file dispositive motions.  No dispositive motions filed after that date will be considered by the Court.

7.  Final pre-trial conference is scheduled for September 1, 2023, at 2:00p.m. before US District Court Judge Sue Myerscough.  All motions in limine and proposed jury instructions are to be filed on or before 15 days prior to the final pretrial conference unless otherwise directed by the Court. (See Local Rule 16.1 – Pre-Trial Procedures.)

8.  A jury trial is scheduled for September 19, 2023, at 9:00 a.m. on the trailing calendar of US District Court Judge Myerscough.

9.  Mediation will be hosted by a US Magistrate Judge upon the joint request of the parties.  Counsel for one or both parties

may contact the chambers of US Magistrate Judge
McNaught to make a request.

10. If the parties consent to trial before a US Magistrate Judge,
the final pre-trial and trial dates may be changed.  Consent
to Magistrate Judge package is attached.

11. Electronically stored information that can reasonably be
anticipated to be relevant to litigation is ordered to be
preserved.  The primary source of electronically stored
information for production should be active data and
information used in the ordinary course of business.

12. The production of privileged or work-product protected
documents, ESI, or information, whether inadvertent or
otherwise, is not a waiver of privilege or protection from
discovery in this case or any other federal or state
proceeding.  This order shall be interpreted to provide the
maximum protection allowed by FRCP 502(d).  Nothing
contained herein is intended to, or shall serve to, limit a
party's right to conduct review of documents, ESI, or
information for relevance, responsiveness, and/or

segregation of privileged and/or protected information

before production.

NOTE: A CONTINUANCE OF THE TRIAL DATE AND /OR FINAL
PRE-TRIAL DATE, DOES <u>NOT</u> ALTER OR EXTEND ANY OF THE
OTHER DATES ABOVE.

ENTERED: ___9/13/2022___


_____/s/ Karen L McNaught_____
KAREN L. McNAUGHT
UNITED STATES MAGISTRATE JUDGE



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

### OFFICE OF THE CLERK

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A
## CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, you are hereby notified that, upon the consent of all the parties in a civil case, the Court may appoint a United States Magistrate Judge of this District, who is specially certified to conduct any or all proceedings, including trial of and the entry of a final judgment. A copy of the appropriate consent form is attached.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary and should be communicated to the Clerk of the Court. Only if all the parties to the case consent to the reference to a Magistrate Judge will either the District Judge or Magistrate Judge to whom the case has been assigned be informed of your decision. Neither a District Judge nor a Magistrate Judge will attempt to persuade or induce any party to consent to the reference of this case to a Magistrate Judge.

If all parties consent, the form is to be e-signed (s/NAME) by all and e-filed with the Court pursuant to guidance in the Court's Local Rules 11.4(A) or (B). A certificate of service is not required to be filed with this document.

**NOTE: The Court has approved s/NAME as an official signature on the Consent Form. Copies of the form and the Court's Local Rules are available at www.ilcd.uscourts.gov.**

Peoria Division
100 N.E. Monroe St.
Room 305
Peoria, IL 61602
309.671.7117

Urbana Division
201 S. Vine St.
Room 218
Urbana, IL 61802
217.373.5830

Springfield Division
600 E. Monroe St.
Room 151
Springfield, IL 62701
217.492.4020

Rock Island Division
(Temporarily located for
mail and hearings to:
131 E. 4th St. Rm 250
Davenport, IA 52801
309-793-5878

AO 85 (Rev. 07/11 Court)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### Central  District of Illinois

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:  _____          _____
                                                              *District Judge's signature*

                                                    _____
                                                              *Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

TO E-FILE THE CONSENT TO MAGISTRATE JUDGE FORM:

1.      Scan and save the form in pdf format.

2.      Log on to CM/ECF.

3.      Click on Civil on the top left hand corner of the blue toolbar.

4.      Click on Other Filings/Other Documents.

5.      Choose "Proposed Consent to Jurisdiction by Magistrate Judge" from drop down box. Click next.

6.      Enter case number.  Click next.

7.      Browse for the saved form.  Click next.

8.      Case confirmation screen appears.  Click next.

9.      Docket text appears.  Click next.

10.     NEF appears.  Consent has been filed.

11.     Place the original document in your file.  (Pursuant to Local Rule 11.4(B)(3) - "The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review has passed.")

**RULE 11.4    ELECTRONIC SIGNATURES**

(A)    <u>Signatures by Electronic Filers.</u>

    (1)    Use of a log-in and password for electronic filing constitutes and has the same force and effect as the filer's signature for purposes of Fed. R. Civ. P. 11, the Local Rules of this Court, and any other purpose for which a signature may be required in connection with proceedings in this Court.

    (2)    Electronic filers should sign in the following manner: "s/ Jane Doe." Documents signed by an attorney must be filed using that attorney's log-in and password; they may not be filed using a log-in and password belonging to another attorney.

    (3)    Where multiple attorney signatures are required, such as on a joint motion or a stipulation, the filing attorney may enter the "s/" of the other attorneys to reflect their agreement with the contents of the documents.

(B)    <u>Signatures by Non-Electronic Filers.</u>

    (1)    If an original document requires the signatures[s] of one or more persons not registered for electronic filing (e.g. settlement agreement with a pro se party, or a witness' affidavit), the filing party or its attorney must initially confirm that the content of the document is acceptable to all persons required to sign the documents. Original signatures of all non-electronic filers must be obtained before the document is filed.

    (2)    The filing party must either redact the original signature[s] and efile the redacted version of the document, or provide the redacted version to the Clerk's Office for scanning and electronic filing. The filed document must indicate the identity of each non-registered signatory in the form "s/Jane Doe". A certificate of Service upon all parties and/or counsel of record must be filed with the document.

    (3)    The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review has passed.

    (4)    The electronically filed document as it is maintained on the court's servers constitutes the official version of that record. The court will not maintain a paper copy of the original document except as otherwise provided in these Rules.

(C)    <u>Disputes Over Authenticity.</u>

Any party or non-filing signatory who disputes the authenticity of an electronically filed document or the signatures on that document must file an objection to the document within 14 days of receiving the notice that the document has been filed.